Judge Ewing

delivered the Opinion of the Court.
This is an action of assumpsit, by Clark’s heirs, for use and occupation.
Though the third plea presents matter in bar of the further prosecution of the suit, it was not pleaded or filed after issue joined or plea pleaded, nor did it present matter which accrued after the cause had been continued, and was not, therefore, a plea of puis darrein continuance, *194 And though the plea commences as a plea of that character, that cannot make it so. It was pleaded and filed at the same time that the other pleas were pleaded and filed, and cannot be construed to supersede them. The right to file it at the same time that other pleas are filed, though it only presents matter in bar of the further prosecution of the suit, is, as we conceive, expressly given by our statute, which authorizes a defendant to file as many pleas as he may deem necessary for his defence.
A conveyance by the husband of a parcener, of his interest in the estate—though in trust for his wife, makes his grantee a tenant in common with the other heirs; so that they cannot maintain an action at law against him, for rents accrued after the conveyance, though he has had the exclusive use of the premises.
If, therefore, after he has exercised his privilege of filing all his pleas, and a continuance of the cause, new matter should arise, in bar or abatement, which he asks and obtains leave to plead, such plea pleaded as a plea puis darrein continuance, should be admitted to amount to a waiver of all former pleas, under our statute, as it did at common law, and under the statute of Ann—which is not necessary to determine, as the pleas in the case before us, were all filed at the same time, and all contained matters in bar, and could all be pleaded together, and the issues thereon tried at the same time—we can perceive no good reason why one plea should be a waiver of all the rest.
The deed of the 4th of June, 1833, passed the estate of G. F. Fox, in the land, to Morris Fox, the defendant. Nor did the deed of the 24th day of August, of the same year, operate as a defeasance; nor can it, by its terms, be so construed; but amounts only to an obligation, or covenant, upon Morris Fox, to apply the sums recovered under the first deed; in a particular way; or, at most, it can only be construed as a declaration of the trust, under which he held the property passed to him by the first deed, and an obligation upon him to apply the trust funds in the way therein designated. The legal title to the land still remained with Morris Fox, and made him tenant in common with the other heirs of Clark; and as such a suit could not be maintained at law, against him, for the rents, that accrued after the first deed—for the rents that accrued, from the first of March 1833, (up to which time, by the agreement of the parties, rent had been paid,) to the date of the deed of 4th June, of the same year, the jury has given a verdict. The rents accruing *195 after that deed, can alone be recovered by action of account or bill in chancery.
Demurrer to a replication sustained, erroneously: rep’n withdrawn, and another filed, on which issue is taken: if, under this issue, all the evidence is admissible which the pl’tf. could have given under his first repli’n—as he escapes all injury from its being overruled, the error in sustaining the demurrer, will not be ground for a reversal.
That an instruction given was calculated, when taken by itself, to mislead the jury, is not sufficient to produce a reversal, when other instruction given, may serve to explain it, and the verdict seems to be right.
Heirs who, have refused to come into hotchpot, having received advancements, are not proper co-plaintiffs, in an action for use and occupation against a tenant holding the estate. The other heirs may sue for and recover all the rents accrued after the death of the ancestor, as before, as those that accrued after, partition.
Nor do we perceive any errors to the prejudice of either party, in the opinions expressed by the court, in giving or withholding instructions, or in sustaining a demurrer to the first replication of plaintiffs to the third plea. For if the replication were conceded to be good, the amended replication, upon which issue was taken, enabled the plaintiffs to rely upon, and avail themselves of the precise same matter, that they could have availed themselves of, under an issue formed to the first replication, which was adjudged bad; and they did avail themselves of the same matter, and were successful to the full extent that they could be successful, consistent with the state of their title, by reason of the deed of the 4th of June.
If the third instruction given at the instance of the defendant, standing alone, might have had the effect of misleading the jury, when taken in connection with the second instruction given at the instance of the plaintiffs, it could not have had that effect. And it seems, in fact, from the amount found by the jury, not to have had that effect. For they have given a ratable amount of the sum agreed on, by the year, when the defendant was let into possession, for the time occupied from the first of March, to the date of the deed of the 4th of June, which they had a right to give, in case they found the deed of release fraudulent.
Nor has the court erred in refusing to non-suit the plaintiffs, on the proof of the facts, that there were two other heirs, who had received more than their shares, in advancements of real estate, and who, on that account, refused to bring their advancements into hotchpot, in the division of the real estate. The action for use and occupation, is an equitable action, and the proof of the foregoing facts was sufficient to authorize these heirs to whom the land rightfully belonged, and to whom it was allotted upon a division, upon the refusal of others to come in with their advancements, to recover the whole rents. Though the division and allotment took place after the rent accrued, the exclusion of the two advanced heirs, *196 determined the right of the heirs among whom the division was made, to the whole land, and by relation, the whole rent accrued to and was recoverable by them, from the death of their ancestor.
The judgment of the Circuit Court is therefore affirmed, with costs.